```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :       CRIMINAL ACTION
                               :       NO. 04-786
         v.                    :
                               :       CIVIL ACTION
AQUIL LOTT                     :       NO. 08-4783
```

MEMORANDUM

Bartle, C.J.                                          October 14, 2008

       Aquil Lott has filed a timely habeas corpus motion under 28 U.S.C. § 2255.

       Lott was convicted by a jury in this court of possession with intent to distribute cocaine base, possession of a firearm during and in relation to a drug traffic offense, and possession of a firearm by a convicted felon. See 21 U.S.C. § 841(a)(1) and (b)(1)(B); 18 U.S.C. § 924(c)(1)(A); and 18 U.S.C. § 922(g)(1). The undersigned sentenced him to 180 months in prison. On August 15, 2007, the Court of Appeals affirmed. Recently, the undersigned reduced his sentence to 103 months on Counts I and III plus 60 consecutive months on Count II as a result of the recent amendments to the Sentencing Guidelines related to cocaine base offenses. U.S.S.G. § 2D1.1; see also Guidelines Manual Supplement to Appendix C §§ 706, 713 (Nov. 1, 2007).

       In his § 2255 motion, Lott advances as grounds for relief that there was "insufficient evidence and plain error" at his trial and also "ineffective assistance of counsel." He

further explains the claim of "insufficient evidence and plain error" as follows:

> When the police officers arrested me I was in possession of a weapon and narcotics. I possessed the weapon only during the drug sales and not in relation to the drug sales. I was shot a few times on separate [sic] occasions and almost died, because of my associates, who were murdered. So I brought [sic] myself a weapon for self defense reasons and that's all.

Def's § 2255 mot. at 6.

The evidence was more than sufficient for the jury to have found Lott guilty on all counts. There was no plain error. Moreover, the facts asserted in his motion undermine any basis for relief. Indeed, Lott concedes, as the jury found, that he was in possession of a weapon and narcotics at the time of his arrest. While justification or duress can be a defense to the illegal possession of a weapon, the facts offered here, even if true, are totally insufficient. See U.S. v. Paolello, 951 F.2d 537 (3d Cir. 1991).

Based on the facts alleged, no claim for ineffective assistant of counsel has been set forth. His counsel's performance was not deficient, and any deficiency clearly did not prejudice Lott. Strickland v. Washington, 466 U.S. 668 (1984).

In sum, there was no constitutional violation alleged. Accordingly, this court will deny the motion of Aquil Lott under 28 U.S.C. § 2255.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :     CRIMINAL ACTION
                                :     NO. 04-786
          v.                    :
                                :     CIVIL ACTION
AQUIL LOTT                      :     NO. 08-4783
```

ORDER

AND NOW, this 14th day of October, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of Aquil Lott for relief under 28 U.S.C. § 2255 is DENIED; and

(2)  no certificate of appealability is issued.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                   C.J.