IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
            v.                  :
                                :
AQUIL LOTT                      :        NO. 04-786

MEMORANDUM

Bartle, J.                                      January 19, 2012

        Before the court are the motions of defendant Aquil
Lott ("Lott") for a reduction in his sentence pursuant to 18
U.S.C. § 3582(c)(2) and Amendment 750 to the United States
Sentencing Guidelines.  Lott, acting pro se, filed a "motion for
reconsideration of sentence pursuant to Title 18 U.S.C.
§ 3582(c)(2)" on September 22, 2011.  The Assistant Federal
Defender on November 30, 2011 filed a supplemental motion on
Lott's behalf to reduce his sentence.

        On June 23, 2005, Lott was convicted by a jury:  on
Count I for possession with intent to distribute cocaine base
("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);
on Count II for carrying a firearm during and in relation to a
drug trafficking offense in violation of 18 U.S.C.
§ 924(c)(1)(A); and on Count III for being a felon in possession
of a firearm in violation of 18 U.S.C. § 922(g)(1).

        Lott was sentenced on October 31, 2005.  This court
calculated Lott's base offense level as 28 and his criminal
history category as VI.  His guideline range was 140-175 months'

imprisonment for Counts I and III plus a consecutive mandatory minimum sentence of 60 months' imprisonment for the § 924(c) violation in Count II, resulting in a total guideline range of 200 to 235 months' imprisonment.

At sentencing, the government pointed out that Lott had several prior convictions and maintained that the disparity between the guideline ranges for cocaine and for cocaine base was no basis for a variance.  Defense counsel asserted that the court should impose a sentence below the guideline range based on Lott's difficult upbringing and lack of formal education.

The court took into account "the nature and circumstances of the offenses and the history and characteristics" of Lott.  After discussing the factors enumerated under 18 U.S.C. § 3553(a), this court granted a downward variance and sentenced Lott to 120 months' imprisonment on Counts I and III plus a consecutive term of 60 months for the § 924(c) violation, resulting in a total term of 180 months' imprisonment.  We found that this sentence was sufficient but not greater than necessary to impose a just punishment.  We recognized the "deficiencies in [Lott's] upbringing," but stated that the sentence was "necessary to protect society and to punish [Lott] for [his] conduct."

In 2008, this court resentenced Lott pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for most crack cocaine offenses.  Under that amendment, Lott's base offense

-2-

level was reduced to 26 and his guideline range became 120-150 months' imprisonment on Counts I and III plus the consecutive 60 month term for the § 924(c) violation in Count II. However, we further reduced Lott's sentence to 103 months plus the consecutive 60 month sentence, for a total term of 163 months' imprisonment. This new sentence reflected a proportional reduction for the downward variance granted in 2005. The proportional variance was consistent with the version of the Sentencing Guidelines in place at that time.

Lott now moves for a second reduction in his sentence pursuant to § 3582(c)(2) and Amendment 750, which further reduced the base offense levels for most crack offenses and was made retroactive effective November 1, 2011. Under Amendment 750, Lott's base offense level is 24 and his guideline range is reduced to 100-125 months' imprisonment for the crack cocaine and felon in possession offenses. With an additional 60 months for his § 924(c) conviction, Lott's amended total guideline range is 160-185 months' imprisonment. This would represent a maximum possible reduction of three months from his current sentence.

Additionally, Lott seeks a reduction proportional to the downward variance that the court previously granted at his original sentencing in 2005 and his resentencing in 2008. If the court granted this proportional reduction to account for the variance, Lott's sentence would be reduced another 14%, or 14 months, for a total of 146 months' imprisonment.

-3-

The government concedes that Lott is eligible for a reduction to the low end of the amended guideline range of 100 months on Counts I and III.  However, it maintains that Lott is not entitled to a further reduction below the amended guideline range to account for the variance he previously received based on the plain language of the Sentencing Guidelines.

Title 18, Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In § 1B1.10 of the Sentencing Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to § 3582(c)(2).  Amendment 750 is one of the amendments expressly listed in that section.  See U.S.S.G. § 1B1.10(c).

However, the Sentencing Commission has also revised § 1B1.10 to state that with the exception of cases where the defendant provided substantial assistance to the government, which is inapplicable here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range."  Id. at § 1B1.10(b)(2)(A).  Furthermore, the Commission has directed that "[i]f the term of imprisonment imposed was

-4-

outside the guideline range applicable to the defendant at the time of sentencing, the limitation ... still applies." Id. at cmt. n.3.

Lott acknowledges that this guideline provision precludes a sentence below the amended guideline range, even if the court granted a departure or variance at the initial sentencing. Nonetheless, he asserts that this court is not bound by the limitation found in U.S.S.G. § 1B1.10(b)(2)(A) and the associated comments because it: (1) exceeds the Commission's statutory power; (2) is unconstitutional; and (3) was not properly noticed for comment. We are aware of no court which has adopted Lott's position and find these arguments unpersuasive.

Even if Lott's position were correct, we would decline to grant him a reduction below the amended guideline range. While he claims that he now understands the errors of his ways and is determined to lead a law-abiding life, Lott has an extensive prison disciplinary record. This record includes physically assaulting prison guards and threatening them with bodily harm, disobeying orders, refusing to submit to restraints, and concealing a homemade weapon in his rectum. Lott concedes that his "prison disciplinary record is long" but maintains that "many of the infractions are minor." We disagree. We find that the amended guideline sentence of 160 months' imprisonment is fair and reasonable and consistent with the sentencing factors under § 3553(a). Lott received significant leniency from this court on two prior occasions and is not entitled to a further

-5-

reduction beyond the three months which the court is granting on Counts I and III.

Accordingly, the motion of the defendant will be granted in part and denied in part.